**SO ORDERED.**

**SIGNED this 30 day of October, 2006.**



_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                            CASE NO.

MICHAEL CHRISTOPHER FOLEY                                         06-01024-5-ATS
MARGUERITE ANNTIONETTE FOLEY

    DEBTORS

**ORDER ALLOWING OBJECTION TO EXEMPTIONS**

The matter before the court is the chapter 7 trustee's objection to the debtors' exemptions. A hearing took place in Raleigh, North Carolina on October 25, 2006.

Michael Christopher Foley and Marguerite Anntionette Foley filed a petition for relief under chapter 7 of the Bankruptcy Code on July 11, 2006, and Joseph N. Callaway was appointed trustee. At the time of filing, the Foleys through their corporation operated an hourly drop-off daycare center that also provided for evening childcare services and hosting of birthday parties. In their Schedule C filed with the petition, the Foleys claimed a wildcard exemption in the amount of $10,000 pursuant to North Carolina General Statute § 1C-1601(a)(2) in

"Stock and interest in M5 Ventures, Inc." The debtors indicated that the market value of the asset was unknown.

When the Foleys appeared for their § 341 meeting of creditors on August 17, 2006, the landlord for the daycare center had locked the Foleys out and taken possession of the assets in the premises. Thereafter, the landlord and counsel for the debtor contacted the trustee to determine whether he intended to abandon the corporate assets. Because the assets were not likely to bring more than the amount of the claimed $10,000 exemption, the trustee indicated that he was likely to abandon the assets.

On August 28, 2006, the Foleys filed an amended Schedule C to reflect the cessation of operations of the business. The wildcard exemption was amended to claim the funds in the business checking account in the amount of $1,047, the stock of M5 Ventures in the amount of $2,953, and a possible tax refund in the amount of $6,000 as exempt. The market values of both the stock of M5 Ventures and the tax refund were listed as unknown.

On September 19, 2006, the trustee filed an objection to the debtors' exemptions, primarily related to some transfers of cash into Individual Retirement Accounts prior to the bankruptcy filing. Prior to the hearing, the trustee was satisfied that the transfers were proper, and he is not pursuing that objection.

The debtors amended their exemptions again on September 29, 2006, however, and the trustee filed an amended objection to the new exemptions. The amendment was again to the wildcard exemption, this time claiming a tax refund in the amount of $7,529 and the funds in the business checking account in the amount of $2,471. The listed value of the checking account was $2,614.

The trustee objects to the second amended exemptions on several bases. First, he contends that the debtors misstated the balance available in the business checking account on the petition date, and he maintains that the debtors should not be allowed to exempt assets that they did not fully disclose. Second, he contends that he was prejudiced by the debtors' choice to initially exempt the full value of the business until it appeared it had no value.

With respect to the balance in the business checking account on the petition date, it is clear that the Foleys used the balance showing in their checkbook, which would have included checks that had been written but had not yet cleared the bank, in valuing the account. As a result, the bank statements showed a higher balance due to outstanding checks not yet cleared. This does not reflect an intentional misstatement of the account balance, and the debtors will be allowed to exempt the claimed value in the checking account.

The exemption of the business assets is a trickier question. When the debtors initially filed their petition, they claimed an exemption

3

in the business in the amount of $10,000.  They did not, however, assign a value to the business.  For the trustee's purposes, unless the business had a value greater than $10,000, there was no reason to attempt to value or pursue the assets of the business.  It did not appear to the trustee that the value exceeded $10,000, and he chose not to take over the operations of the business or to try to close it down and limit the postpetition expenses of the business including rent and utilities.

When the debtors filed their amended exemptions, they reduced their claimed exemption in the business to $2,953 in stock and $1,047 in the bank account, for a total exemption of $4,000 in business assets.  By that time, the landlord had taken over the business assets. From the trustee's perspective, only if the business assets had a value greater than the $4,000 exemption would pursuit of those assets have been of benefit to the estate.  While there were approximately $4,000 in accounts receivable, Ms. Foley used the incoming funds to pay some of the business's bills including taxes and salaries and to refund deposits for upcoming birthday parties.  There remained approximately $3,000 worth of equipment, but this fell within the debtors' claimed exemption.

The debtors' amended exemptions claimed no exemption in the business assets, save $2,471 in the business checking account (the amount of the available wildcard after claiming the tax refund in the

4

amount of $7,529). Of course, also by this time, the remaining assets were in the possession of the landlord, and the postpetition expenses of the business, including rent, had continued to accrue. As a result, no value remained in the business for the estate.

The trustee contends that this manipulation of the exemptions prejudiced the estate because the trustee was unable to take over the business assets while there was still value. Had the debtors not claimed a $10,000 exemption in the business assets, the trustee could have liquidated the business, reduced its expenses, and realized some value for the benefit of the estate. Even by the time the debtors filed their first amended exemptions, the trustee might have been able to realize some value had he known the debtors were going to ultimately claim no exemption in the business assets. As a result, the court finds that the trustee was unduly prejudiced by the second amendment to the exemptions, and it will not be allowed.

At the hearing, the trustee argued that the debtors should be held to the exemptions they claimed on August 28, 2006, in their first amendment. The court agrees. The debtors are entitled to exempt their tax refund in the amount of $6,000, and they are entitled to an exemption of $1,047 in the business checking account and $2,953 in value of the assets of M5 Ventures, Inc. (excluding the checking account).

5

Based on the foregoing, the objection to exemptions is **ALLOWED**, and the debtors are entitled to the exemptions described above.

**SO ORDERED**.

**END OF DOCUMENT**